## A92A2071. WHIPPLE v. THE STATE.
### (427 SE2d 101)

JOHNSON, Judge.

Brian Roy Whipple and Michael Shane Nash were jointly indicted and tried for possession of cocaine with intent to distribute and possession of cocaine while on public school property. Whipple was found guilty of the lesser included offense of possession of cocaine and acquitted of the "school drugs" charge. Nash was acquitted on all charges. Whipple appeals from his conviction.

1. Whipple argues that the evidence presented at trial was insufficient to support the verdict. We agree.

On the day of his arrest, Whipple drove to his girl friend's high school to give her a ride home. The car he was driving belonged to the girl's mother. Nash was riding in the car's passenger seat. The girl's father also had access to the car. In reliance on a telephone tip from a confidential informant, the police asked Whipple for permission to search the car. Whipple consented orally and in writing to the search. Cocaine was found hidden in the headrest of the passenger seat where Nash had been sitting. Whipple testified that he had no knowledge of the presence of any drugs in the car. The police admitted not only that they did not see who placed the drugs in the headrest, but also that they never saw Whipple or Nash in actual possession of the cocaine. Consequently, the State tried to prove that Whipple was guilty beyond a reasonable doubt by showing that he was in constructive possession of the cocaine.

The State relied on the rebuttable presumption that one who is in possession of an automobile is the owner of what is contained therein. "However, as to automobiles, the rule does not apply where there is evidence in the case . . . that others have had access to it."

(Citations, punctuation, and emphasis omitted.) *In the Interest of C. A. A.*, 187 Ga. App. 691, 692-693 (371 SE2d 247) (1988). Where it is established that other persons had equal access to the vehicle, "the application of a presumption of possession of any contraband found in it is not a sound, abstract principle of law and is a dangerous rule for the numerous owners of motor vehicles." (Citations and punctuation omitted.) Id. at 693. Here there was evidence that several people had access to the car equal to Whipple's access. Most obviously, Nash was in the car at the time of the arrest and the drugs were found in the headrest of the seat he was occupying. Moreover, the car was owned by the mother of Whipple's girl friend, and the girl's father had access to the car.

"[A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citations and punctuation omitted.) *Murrell v. State*, 200 Ga. App. 231, 233 (1) (407 SE2d 460) (1991).

We recognize that the factfinder is usually in the best position to determine questions of reasonableness when evidence of guilt is circumstantial. *Harris v. State*, 236 Ga. 242, 244-245 (1) (223 SE2d 643) (1976); *Hurston v. State*, 202 Ga. App. 311, 313 (1) (414 SE2d 303) (1991). Nonetheless, having eliminated the presumption of possession, what remains is Whipple's mere presence near hidden cocaine. As a matter of law, that presence is not enough to support a finding of criminal possession of the contraband beyond a reasonable doubt, to the exclusion of every other reasonable hypothesis. Whipple's conviction cannot be sustained under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In light of our holding in Division 1 above, it is unnecessary for us to address Whipple's remaining enumerations of error.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED JANUARY 19, 1993.

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Dealvah E. Hill, Assistant District Attorneys*, for appellee.