S97G1083. MITCHELL v. THE STATE.
(492 SE2d 204)

Thompson, Justice.

We granted certiorari in *Mitchell v. State,* 225 Ga. App. 520 (484 SE2d 271) (1997), to determine whether, under the facts of this case, the Court of Appeals erred by ruling that the evidence was sufficient to sustain Mitchell's conviction for trafficking in cocaine. We hold that the evidence was not sufficient and reverse the judgment of the Court of Appeals.

The police found cocaine in a vehicle driven by Hicks and owned by Hicks' girl friend. Hicks lived with his girl friend and they shared the use of the vehicle. On the day in question, Hicks picked up Mitchell in Union City. Hicks and Mitchell were on their way to a cookout in Macon when Butts County deputies pulled them over for a routine traffic stop — failure to maintain a proper lane.

Deputy Bishop gave Hicks a written warning. Meanwhile, Deputy Whitwell walked a police dog around the car. When the dog alerted to the presence of narcotics, Deputy Whitwell began to search the car. Both deputies testified that Hicks and Mitchell appeared to be extremely nervous.

Unable to find any contraband after searching the car for approximately five minutes, Deputy Whitwell asked Deputy Bishop to assist him. A couple of minutes later, Deputy Bishop found two small plastic bags containing cocaine under the front passenger side floor mat.

The cocaine was in the form of two wafer or cookie shaped pieces, each about one-fourth of an inch thick and three inches in diameter. The wafers were brittle in nature and were essentially intact. However, each bag contained some broken pieces, one more than the other. No effort was made to test the bags for fingerprints.

After Deputy Bishop put the bags back under the floor mat, Deputy Whitwell observed that they made a visible hump on the surface of the floor mat. Deputy Whitwell acknowledged, however, that the hump could have been made by the spikes on the underside of the

mat. And while Deputy Whitwell testified that Mitchell put his feet on the floor mat, there was no testimony as to the exact location of the cocaine in relation to Mitchell's feet.

The evidence against Mitchell was entirely circumstantial and it was insufficient to authorize a rational trier of fact to find that Mitchell was in constructive possession of the cocaine beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. OCGA § 24-4-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As in *Reid v. State*, 212 Ga. App. 787 (442 SE2d 852) (1994), there is no presumption of possession because Mitchell did not own or control the car — he was a mere passenger. And the fact that the cocaine was found on the passenger's side of the car is of no consequence. A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where, as here, the contraband is hidden. *Reid v. State*, supra at 788. See also *Morrison v. State*, 220 Ga. App. 151 (469 SE2d 686) (1996); *In the Interest of C. A. A.*, 187 Ga. App. 691, 693 (371 SE2d 247) (1988).

The State contends that the jury was authorized to conclude that Mitchell was in constructive possession of the cocaine because it made a hump under the mat and remained essentially intact and brittle. In this regard, the State argues that (1) Mitchell must have seen the hump given the length of time he had been riding in the car and (2) the wafers would not have been intact unless Mitchell put them under the mat shortly before the deputies pulled the vehicle over. This argument ignores the facts that (1) Deputy Whitwell did not notice the hump until after Deputy Bishop found the cocaine and placed it back under the mat; (2) Deputy Whitwell conceded that the spikes on the underside of the floor mat, and not the cocaine, could have caused the hump; and (3) no evidence was introduced demonstrating where the cocaine was positioned in relation to Mitchell's feet.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

To authorize a conviction on circumstantial evidence, the proved facts must exclude only other "reasonable" hypotheses. OCGA § 24-4-6. Thus, there is no requirement that the circumstantial evidence "remove every possibility of the defendant's innocence." *Eason v. State*, 217 Ga. 831 (2) (125 SE2d 488) (1962).

> "[Q]uestions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circum-

stantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law."

*Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993).

"This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law."

*Harris v. State*, 236 Ga. 242, 244-245 (1) (223 SE2d 643) (1976). Here, the jury found no other "reasonable" hypothesis save Mitchell's guilt of the crime of trafficking in cocaine and, on appeal, the Court of Appeals affirmed. In my opinion, the Court of Appeals applied the correct standard of appellate review in its affirmance of Mitchell's conviction, but a majority of this Court now erroneously makes its own subjective determination as to the "reasonableness" of the hypotheses other than Mitchell's guilt. Therefore, I must respectfully dissent.

The officers found the cocaine under the floor mat on the passenger side of a vehicle. Mitchell was the passenger. Thus, the contraband had been directly under Mitchell's feet. As the majority correctly notes, a finding of Mitchell's constructive possession cannot be based merely upon the spatial proximity between him and the cocaine. However, in addition, the State presented evidence that the cocaine could be broken into pieces "[j]ust like potato chips in a potato chip bag." Despite this brittleness, the cocaine took the form of "fairly large cookies" at the time of its discovery. The cocaine "wasn't as broken up" at the time of its seizure as it was at the time of trial. Under these circumstances, the jury was authorized to find that the only "reasonable" hypothesis was that the cocaine had been placed under the floor mat by Mitchell or with his involvement only a very short time before its discovery by the officers. Otherwise, the brittle cocaine would not have been in relatively intact "cookies" at the time of its seizure, but would have been in crumbles as the result of the pressure of Mitchell's feet on the floor mat.

Thus, contrary to the conclusion of the majority opinion, Mitchell's conviction does not rest upon evidence of mere spatial proximity. There was this additional evidence of temporal proximity. If the

brittle-but-intact cocaine was discovered under Mitchell's very feet, then he must have been involved in its recent placement there. Moreover, there was evidence that Mitchell was so nervous at the time of the ostensibly routine traffic stop that one of the officers asked the driver whether Mitchell suffered from a nervous disorder. In determining whether there was a "reasonable" hypothesis other than Mitchell's guilt, the jurors were authorized to use such reasonable inferences and reasonable deductions as ordinarily prudent persons would make in light of their everyday experience and knowledge of human conduct and behavior. *Kalb v. State*, 195 Ga. 544 (1) (25 SE2d 24) (1943), overruled on other grounds, *Howard v. State*, 237 Ga. 471, 474 (228 SE2d 860) (1976). Applying the reasonable inferences and deductions gained from experience and knowledge of human conduct and behavior, the jury certainly was authorized to find that the only "reasonable" hypothesis to explain Mitchell's extreme nervousness before the brittle-but-intact cocaine was found under the floor mat beneath his feet was that he was guilty of the constructive possession of that contraband.

In finding the evidence insufficient, the majority cites circumstances which serve to negate the State's contention that Mitchell was guilty because he must have seen the hump in the floor mat created by the cocaine before the traffic stop. However, even if the hypothesis that Mitchell was guilty because he must have known of the presence of the cocaine prior to the traffic stop is an unreasonable one, there is sufficient circumstantial evidence to authorize a finding that he was guilty because he actually placed or was involved in placing the cocaine under the floor mat only a short time before the traffic stop. As discussed, this latter hypothesis is amply supported by the evidence of spatial and temporal proximity, coupled with the evidence of Mitchell's unwarranted extreme nervousness. That the officers did not immediately notice the hump, that the hump could have been caused by something other than the cocaine and that there was no evidence that Mitchell ever placed his feet directly on the hump are factors which would contradict only the hypothesis that Mitchell must have known that the contraband was present even if he was not involved in putting it there. Those circumstances do not negate the evidence that Mitchell himself placed or was involved in placing the cocaine under the floor mat shortly before the traffic stop.

The jury was authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except Mitchell's guilt of constructive possession of the cocaine seized from beneath his very feet. In my opinion, the majority misapplies the long-standing principles of law regarding appellate review of a criminal conviction based upon circumstantial evidence and erroneously places itself in the jury box. Therefore, I dissent to the reversal

of Mitchell's conviction.

DECIDED NOVEMBER 3, 1997.

*Timothy T. Herring,* for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. Berry, Mark S. Daniel, Assistant District Attorneys,* for appellee.