### A99A0684. MAXWELL v. THE STATE.
(518 SE2d 432)

Judge Harold R. Banke.

Tammy Maxwell was convicted of forgery in the first degree and possession of cocaine and given two concurrent five-year sentences. *Held*:

1. Maxwell challenges the sufficiency of the evidence to support her conviction of possession of cocaine.

The State's evidence showed that in July 1996, Maxwell used a stolen check to pay for merchandise at an Auto Zone Store in Riverdale, Georgia. Police were alerted and given a description and tag number for the getaway car. The vehicle was observed in the parking lot of a nearby Wal-Mart. When the investigating officer arrived on the scene, Maxwell was in the front passenger seat, and her co-defendant Maurice Edogun was in the driver's seat. The officer approached the vehicle and began to question both occupants. After exiting the car at the officer's request, Edogun stated that the car was a rental vehicle and gave his consent to search it. Maxwell, who remained seated in the car, was then approached by the officer and asked about the location of other stolen checks. After hesitating momentarily, she retrieved the remaining checks from under her seat.

The ensuing search of the car revealed a package underneath the driver's seat containing one gram of cocaine. A residue-laden device

used to smoke crack cocaine and suspected marijuana were found in another bag on the floor of the back seat, but the contents of the bag were not tested.

Similar transaction evidence was presented showing that in December 1995, a City of Lawrenceville police officer stopped Maxwell for speeding and found a pipe with cocaine residue in her purse.

The trial court gave as its reason for denying Maxwell's motion for directed verdict on the cocaine possession charge that its grant would leave her free to testify that the cocaine was hers, thereby absolving both defendants of criminal liability. No motion for new trial was filed. Testimony given by the investigating officer at a *Jackson v. Denno* hearing is not properly considered in determining the sufficiency of the evidence, as this hearing was held outside the presence of the jury.

> The evidence does not show actual possession by [Maxwell], and to support a finding that [s]he was in constructive possession of the contraband the circumstantial evidence must be both consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. [Cit.]

*Shirley v. State*, 166 Ga. App. 456, 457 (1) (304 SE2d 468) (1983). Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, are insufficient to support a conviction. *Reid v. State*, 212 Ga. App. 787, 788 (442 SE2d 852) (1994). A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Id.

We have found the requisite connection lacking where hidden contraband drugs were found in a vehicle in which defendant was merely a co-occupant, and there was no evidence that defendant had knowledge of the contraband's existence. *Shirley v. State*, supra; *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993); see also *Reid v. State*, supra; *Luke v. State*, 230 Ga. App. 712, 714 (3) (497 SE2d 376) (1998), rev'd on other grounds, 236 Ga. App. 543 (512 SE2d 39) (1999). On the other hand, the evidence has been found sufficient where the drugs were both in the vicinity of and visible to the defendant. *Chitwood v. State*, 166 Ga. App. 62 (1) (303 SE2d 307) (1983); *Lowe v. State*, 223 Ga. App. 172 (477 SE2d 341) (1996); *Shropshire v. State*, 201 Ga. App. 421 (411 SE2d 339) (1991).

Here, there is no evidence the cocaine was visible to Maxwell. Since she was a mere passenger in the car, there arose no presumption that she possessed the cocaine. *Reid*, supra. The fact that she had accessed the area underneath the seat in which she was sitting did not reasonably give rise to an inference that she had knowledge

of the presence of something hidden underneath the driver's seat. Nor does the fact that cocaine was found in Maxwell's possession during an earlier traffic stop show that she had knowledge of cocaine hidden underneath the driver's seat on this occasion. Therefore, Maxwell's conviction of possession of cocaine must be reversed under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Maxwell challenges her sentencing. She was given a mandatory minimum sentence of five years for possession of cocaine, as this was her second conviction of this offense. OCGA § 16-13-30 (e). Since statements made by the trial court at sentencing raise doubts as to whether it would have given Maxwell a five-year sentence for her forgery conviction alone, her sentence for this offense is vacated and the case remanded for resentencing.

3. The remaining issues are moot.

*Judgment affirmed in part, reversed in part, and case remanded. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 21, 1999.

*Faye W. Hays, Patricia A. Buttaro*, for appellant.

*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney*, for appellee.