A99A2506. JOHNSON v. THE STATE.
(526 SE2d 882)

JOHNSON, Chief Judge.

John Johnson appeals his conviction for armed robbery in Whitfield County, arguing that the trial court erred in denying his motion for jail time credit. We disagree and affirm.

Johnson contends his guilty plea was the result of a negotiated plea and that it was understood that he was to receive his jail time credit. However, the transcript of the guilty plea hearing fails to support this contention. There is no mention of jail time credit in either the hearing transcript or the court's sentence.

Moreover, Johnson was not entitled to jail time credit under the

circumstances. The record shows that Johnson was confined in Bartow County for crimes in their jurisdiction and that a hold was placed on him to face a charge in Whitfield County. The Supreme Court has clearly·held that the provision for crediting prison sentences with time spent in confinement applies only to persons who would not be confined but for the charges which give rise to the sentence for which credit is sought. *Spann v. Whitworth,* 262 Ga. 21, 23-24 (2) (413 SE2d 713) (1992); *Tucker v. Stynchcombe,* 239 Ga. 356, 357 (236 SE2d 623) (1977). In the present case, Johnson was not being held in Bartow County on the Whitfield County charges, but on an unrelated Bartow County charge. The Whitfield County court did not err in denying Johnson's request for jail time credit.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 8, 1999.

John A. Johnson, *pro se.*
*Kermit N. McManus, District Attorney,* for appellee.