## A00A1913. JOHNSON v. THE STATE.
### (546 SE2d 562)

PHIPPS, Judge.

A Hall County jury convicted Terry Ramone Johnson of possession of cocaine. The trial court sentenced Johnson to eight years, two years to serve and six years on probation. On appeal, Johnson claims that (1) the evidence was insufficient to support his conviction, (2) the trial court erred in including a waiver of Fourth Amendment rights in the terms of probation, and (3) the trial court erred in refusing to grant him credit for time served. For reasons which follow, we affirm in part and reverse in part.

On February 16, 1999, Johnson was a front seat passenger in a car driven by Quincy Sanders. The car was parked on the shoulder of a road in Hall County. A Hall County deputy and a trainee drove toward Sanders's car from the opposite direction. The deputy noticed a man standing beside the car. As the deputy's patrol car approached, the man slapped Sanders's car and stepped back. Sanders then drove onto the road and passed the patrol car.

The deputy recognized Sanders when he drove past. Because he knew that Sanders did not have a driver's license, he turned the patrol car around and caught up with Sanders's car. When the deputy approached to within a car's length, the trainee turned on the blue lights. The deputy saw the passenger, Johnson, look back at the police car and sling an "object over his left shoulder into the backseat."

After Sanders's car stopped, Sanders and Johnson got out and began walking away. The deputy drew his weapon and told them to get back in the car, and they complied. The deputy arrested Sanders and Johnson and placed them in the patrol car. The deputy then inspected the backseat of Sanders's car, where he saw a baby car seat, trash, and two plastic bags. One bag contained a powdered substance, and the other contained seven or eight of what the officer believed to be "rocks" of cocaine. Laboratory test results showed that one of the bags contained cocaine. The other bag was not tested.

1. In his first two claims of error, Johnson contends that the evidence of possession of cocaine was insufficient to prove his guilt as a matter of law and that the trial court erred in denying his motion for a directed verdict. In determining the sufficiency of the evidence, we consider whether the evidence, viewed in a light most favorable to the verdict, would have authorized a rational trier of fact to find Johnson guilty.[1]

Johnson argues that the only direct evidence linking him with

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the cocaine is that he was a passenger in the vehicle in which cocaine was found. A finding of constructive possession requires more than spatial proximity between the contraband and the defendant.[2] But if all occupants of a vehicle had equal access to contraband, they may be found in joint constructive possession.[3] The facts here are distinguishable from *Maxwell v. State*,[4] on which Johnson relies, because here the cocaine was clearly visible and not hidden. Moreover, because the deputy saw Johnson throwing an object over his left shoulder into the backseat of the car,[5] and cocaine was found in plain view in the backseat, the jury was authorized to find that Johnson was in joint constructive possession of the cocaine.

2. As a condition of probation, the trial court ordered Johnson to waive his Fourth Amendment rights to be free from unreasonable search and seizure. The trial court informed Johnson of this waiver at sentencing in the presence of his attorney, who made no objection. Johnson argues that the trial court erred in including the waiver in the terms of probation because the waiver was imposed without his consent and was not pursuant to a negotiated plea.

We have upheld such a waiver of constitutional rights as a condition of probation as "at least impliedly consented to . . . as an acceptable alternative to prison."[6] Although in *Fox v. State*[7] our Supreme Court found a defendant's waiver of Fourth Amendment rights to be invalid, *Fox* is distinguishable. There, the trial court did not mention the waiver as a condition of probation during sentencing. Here, Johnson was informed of the waiver at sentencing in the presence of counsel, who did not object. We find that Johnson consented to the waiver and that it was a valid condition of his probation.

3. At sentencing, the trial court told Johnson, "You will be given no credit for any time served previously." And on the sentencing sheet is written, "No credit for time served previously." Johnson argues that he is nevertheless entitled to such credit, and we agree. "The clear policy behind OCGA §§ 17-10-9 through 17-10-12 is that time spent in incarceration under the authority of this state or a political subdivision thereof should count toward the time which a prisoner must serve."[8]

Although credit need not be given for prior incarceration related to another charge,[9] the state does not argue that is the case here. The

---

[2] *Maxwell v. State*, 238 Ga. App. 197, 198 (1) (518 SE2d 432) (1999).

[3] *Lowe v. State*, 223 Ga. App. 172, 173 (477 SE2d 341) (1996).

[4] 238 Ga. App. 197.

[5] See *Reed v. State*, 244 Ga. App. 146 (534 SE2d 871) (2000).

[6] *Luke v. State*, 178 Ga. App. 614, 616 (2) (344 SE2d 452) (1986).

[7] 272 Ga. 163, 164-165 (1) (527 SE2d 847) (2000).

[8] *Spann v. Whitworth*, 262 Ga. 21, 22 (1) (413 SE2d 713) (1992).

[9] *Johnson v. State*, 241 Ga. App. 369, 370 (526 SE2d 882) (1999).

state's argument is that, because a trial court need not reflect the consideration of time served in its sentence, the court does not err by stating that it is giving a defendant no credit for time served.[10] But although the trial court need not mention credit for time served in its sentence, because the credit will be computed and applied by the pre-sentence and post-sentence custodians,[11] the trial court cannot take the credit away. In *Diaz v. State*,[12] we ruled that, because a trial court is not responsible for computing a defendant's credit for time served, a verbal statement by the trial court that a defendant will not be credited for time served does not require a reversal. But unlike *Diaz*, the trial court here included a prohibition against credit for time served on the written sentencing order. The post-sentence custodian should not be asked to comply with an order of the trial court which is inconsistent with the law. Accordingly, we direct the trial court to strike the words "No credit for time served previously" from Johnson's sentence.[13]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MARCH 6, 2001.

*Leo E. Benton, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney, E. Paul Stanley, Assistant District Attorney*, for appellee.

---

[10] *Turner v. State*, 151 Ga. App. 631, 633-634 (3) (260 SE2d 756) (1979).
[11] *Beeks v. State*, 169 Ga. App. 499, 500 (2) (313 SE2d 760) (1984).
[12] 245 Ga. App. 380 (537 SE2d 784) (2000).
[13] See *Addo v. State*, 212 Ga. App. 163 (1) (441 SE2d 486) (1994) (physical precedent only).
[1] For sentencing, the trial court merged the disorderly conduct and aggravated assault convictions.