## A03A1383. WOFFORD v. THE STATE.
(585 SE2d 207)

JOHNSON, Presiding Judge.

Drimus Wofford challenges the sufficiency of the evidence supporting his convictions of carrying a concealed weapon and possession of a firearm by a convicted felon. We agree with Wofford that there is insufficient evidence upon which the jury could have found him guilty beyond a reasonable doubt, and we therefore reverse his convictions.

On April 4, 2002, Labriska McKinney was driving a 1995 Mercedes automobile owned by her grandfather when she failed to stop at a red traffic signal. A police officer saw McKinney drive through the red light and stopped her. During the stop, the officer discovered that McKinney was only 15 years old and had no driver's license. The officer also saw that two male passengers were in the car — Wofford sat in the front passenger seat and Sean Foster was in the back seat.

As the officer spoke to McKinney, who had gotten out of the vehicle, another officer arrived at the scene. The officers asked McKinney if they could search the car, and she consented to a search. The officers removed Wofford and Foster from the car and then searched it. They found a loaded handgun under the front passenger seat.

McKinney, Wofford, and Foster all denied knowing anything about the gun. The officers then cited McKinney for traffic offenses, and arrested only Wofford for possession of the gun. Wofford, who has a prior conviction for possessing marijuana with intent to distribute, was subsequently indicted for possession of a firearm by a convicted felon and carrying a concealed weapon. He pled not guilty to the charges and was tried before a jury.

During the trial the state's case consisted of testimony from the two officers and McKinney. In describing the traffic stop and search of the vehicle, the officers testified that they had not seen anyone with the gun and that the car's occupants had done nothing to make the officers fear for their safety. The officers also testified that they never saw Wofford bend over in the car or take any other action indicating an attempt to hide something under the car seat. The officers testified that they asked to search the car because the men in the car seemed nervous. The officers further stated that after finding the gun they determined that it had not been reported stolen. But they never discovered the name of a registered owner of the gun, nor did they take any fingerprints from it.

McKinney testified that, on the date of the incident, she had been with Wofford from 6:00 a.m. until the traffic stop at 1:30 p.m. During that time, Wofford was never left alone in the car and she never saw him with a gun. She further testified that her grandfather had let her use the car for about a month leading up to the incident,

but during that time her grandfather and his associates had also used the car. She claimed that she had never seen the gun before the officers found it and did not know where it had come from.

After McKinney's testimony the state introduced a certified copy of Wofford's prior marijuana conviction and rested its case. Wofford introduced no evidence. The jury found Wofford guilty of both charges. The trial court sentenced Wofford to serve five years in confinement for possessing a firearm as a convicted felon and twelve months in confinement for carrying a concealed weapon. Wofford appeals.

1. There is no direct evidence that Wofford had actual possession of the gun. The state therefore relies on circumstantial evidence in attempting to prove that Wofford had constructive possession of the gun. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[1] In this case, the circumstantial evidence does not exclude the reasonable hypothesis that Wofford never had constructive possession of the gun and that mere spatial proximity was his only connection to it.

A person is in constructive possession of an object when he knowingly has both the power and intention at a given time to exercise dominion over the object.[2] A finding of constructive possession, however, cannot rest upon a person's mere spatial proximity to the object, especially where the object is hidden.[3] A person's mere presence at the scene of a crime, with nothing more to show his participation in the illegal act, is insufficient to support a conviction.[4]

In the instant case, the only evidence connecting Wofford to the gun is the fact that it was found hidden under a seat where he had been sitting. The arresting officers expressly stated that they did not see Wofford bend over or appear to put anything under the seat, and there is no other circumstantial evidence linking him to the gun.[5] Moreover, because Wofford was only a passenger in a car that he did not own or control, there is no presumption that he possessed the gun.[6]

Under these circumstances, Wofford's mere spatial proximity to the gun is insufficient to support a finding beyond a reasonable doubt

---

[1] OCGA § 24-4-6.

[2] *Peterson v. State*, 252 Ga. App. 469, 471 (2) (556 SE2d 514) (2001); *Epps v. State*, 251 Ga. App. 645, 646 (555 SE2d 25) (2001).

[3] *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997).

[4] *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993).

[5] Compare *Jackson v. State*, 216 Ga. App. 842, 844 (1) (456 SE2d 229) (1995) (cocaine linked to inebriated defendant when found under his car seat next to an empty beer can).

[6] See *Mitchell*, supra.

that he knowingly possessed the gun. Because there is insufficient circumstantial evidence from which the jury could have found that Wofford had constructive possession of the gun, the convictions for carrying a concealed weapon[7] and possession of a firearm by a convicted felon[8] must be reversed.[9]

2. Because of our holding in Division 1, we need not address Wofford's claim that the trial court erred in refusing to give a requested jury charge on knowledge.

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

DECIDED JULY 11, 2003.

*Aldous D. McCrory*, for appellant.
*Leigh E. Patterson, District Attorney, Jason A. Lewis, Assistant District Attorney*, for appellee.

---

[7] OCGA § 16-11-126 (a) (person commits offense of carrying a concealed weapon when he knowingly has or carries about his person, unless in an open manner and fully exposed to view, any firearm outside of his home or place of business).

[8] OCGA § 16-11-131 (b) (any person who has been convicted of a felony and who possesses any firearm commits a felony).

[9] See *Mitchell*, supra; *Reid v. State*, 212 Ga. App. 787, 789 (442 SE2d 852) (1994); *Whipple*, supra.