[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10400
Non-Argument Calendar
_____

D. C. Docket No. 04-00097-CV-JTC-3

JONATHON EDWARD KELLEY,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF CORRECTIONS,
DOOLY STATE PRISON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 17, 2005)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Jonathon Edward Kelley appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous, pursuant to 28 U.S.C. § 1915A. In September 2004, Kelley filed an action against the Georgia Department of Corrections ("GDOC") and Dooly State Prison ("DSP") (collectively, "the defendants") claiming false imprisonment and cruel and unusual punishment. Kelley alleged that he was held "illegally" at DSP from August 18, 2003, through September 28, 2003, when his "maximum releas[e] date" was August 18, 2003. According to prison and court records submitted by Kelley, he committed the offense of first degree forgery, in violation of O.C.G.A. § 16-9-1, on July 30, 1998, and the offense of theft by receipt of stolen property, in violation of O.C.G.A. § 16-8-7, on August 16, 1998. Kelley contacted the Center for Prisoners' Legal Assistance ("CPLA") because he believed his release date had been miscalculated. The CPLA investigated Kelley's claim regarding the miscalculation of his sentence and determined that he was "only entitled to jail time credit back to the date that the crime was committed," indicating that, according to Kelley's sentencing records, he committed his forgery offense on September 28, 1998.

The district court conducted a frivolity screening of Kelley's complaint, pursuant to 28 U.S.C. § 1915A, dismissing Kelley's action as frivolous, concluding that Kelley committed the offense of receiving stolen property on August 18, 1998,

2

and the offense of first degree forgery on September 28, 1998, and that he was not entitled to credit for time served prior to the date of his crime.

On appeal, Kelley argues that his lawsuit was not frivolous, as (1) the GDOC's computation form was in error, (2) he notified the GDOC of the error, and (3) the GDOC did not take action to remedy the error, thus resulting in his being held 40 days beyond his original sentence.

We review frivolity dismissals under 28 U.S.C. § 1915A *de novo*. *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir.2003). Section 1915A of the Prison Litigation Reform Act ("PLRA") requires the district court to review civil actions and to identify cognizable claims or dismiss the complaint or portions thereof that are frivolous. 28 U.S.C. § 1915A(b). A claim is frivolous if it is based on an indisputably meritless legal theory or, after piercing the veil of the complaint, the court determines that the factual allegations are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) (applying 28 U.S.C.1915(d)).

"To sustain a cause of action based on section 1983, [a plaintiff] must establish two elements: (1) that [he] suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States, and (2) that the act or omission causing the deprivation was committed by a person acting

3

under color of law." *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) (internal quotations and citation omitted). We have held that prisoners have a "constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release," noting that "a showing of deliberate indifference is required to establish a violation of substantive due process rights protected by the fourteenth amendment." *Cannon v. Macon County*, 1 F.3d 1558, 1563 (11th Cir. 1993). Under Georgia law, a trial court need not mention credit for time served in incarceration in its sentence because the credit will be computed and applied by the pre-sentence and post-sentence custodians. *Johnson v. State*, 546 S.E.2d 562, 564 (Ga. App. 2001). The GDOC has a duty to award credit for time served prior to trial. *Warren v. State*, 543 S.E.2d 38, 39 (Ga. App. 2000).

Although the letters from the CPLA indicate that Kelley committed the forgery offense on September 28, 1998, none of the court and prison records contained in the documentation submitted by Kelley in support of his claim support the district court's finding that Kelley committed the forgery offense on September 28th. Rather, court documents indicate that he committed his forgery offense on July 30, 1998. Because Kelley *may* have been held longer than his sentence required, in violation of his constitutional rights, *see Cannon*, 1 F.3d at

4

1563, we vacate the district court's order and remand this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**