A07A0822. GILLIS v. THE STATE.
(645 SE2d 674)

MILLER, Judge.

A jury found Vennie Lamont Gillis guilty of possessing cocaine with intent to distribute and violating the seat belt law. Gillis appeals his cocaine conviction, challenging the sufficiency of the evidence, as well as the trial court's refusal to give a proposed jury instruction.[1] We agree that the evidence is insufficient and reverse.

1. In reviewing Gillis' challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the verdict and determine whether a rational jury could have found Gillis guilty beyond a reasonable doubt. See *Johnson v. State*, 248 Ga. App. 454 (1) (546 SE2d 562) (2001). So viewed, the evidence shows that on October 8, 2004, Deputy Josh Stephens of the Emanuel County Sheriff's Office was on patrol with Agent Travis Akridge of the Georgia Bureau of Investigation. After passing a brown car occupied by two individuals who were not wearing seat belts, the officers activated the blue lights on their patrol car and attempted to stop the vehicle. The brown car slowly traveled an additional two blocks, then pulled over to the side of the road.

Stephens approached the driver's side of the car to talk to the driver, Wesley Connor. Akridge walked to the other side of the car to speak with Gillis, the front seat passenger. While talking to Gillis, Akridge observed a brown paper bag that had been "mashed up under

---

[1] Gillis does not challenge his conviction for the seat belt violation.

the passenger seat" occupied by Gillis. The bag was under Gillis' seat, but was "sticking out far enough" so that Akridge could see it from outside the car. At Akridge's request, Gillis got out of the car, and Akridge retrieved the bag, which contained numerous individually packaged rocks of cocaine.

The officers arrested Gillis and Connor for possession of cocaine with intent to distribute. Both men were also given citations for the seat belt violation. Gillis subsequently informed Akridge that he had been traveling in the car with Connor for approximately three and one-half hours before they were stopped.

The State did not present evidence that Gillis actually possessed the cocaine. Instead, it sought at trial to show constructive possession through circumstantial evidence. Constructive possession results when a person knowingly has the power and intention to exercise dominion over an object. See *Wofford v. State*, 262 Ga. App. 291, 292 (1) (585 SE2d 207) (2003). A finding of constructive possession, however, cannot rest upon the person's spatial proximity to the object. See *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997); *Wofford*, supra, 262 Ga. App. at 292 (1). As held by our Supreme Court in a factually similar situation, some other connection between the person and object must be shown, particularly where the object is concealed. See *Mitchell*, supra, 268 Ga. at 593; see also *Wofford*, supra, 262 Ga. App. at 292 (1).

The evidence in this case does not establish the required connection. Gillis was a passenger in the car, and the State did not prove that he owned or otherwise controlled the vehicle. No presumption of possession based on ownership or control of the car, therefore, can be found. See *Mitchell*, supra, 268 Ga. at 593. Moreover, although Akridge discovered the cocaine under Gillis' seat, it was enclosed in a "mashed up" brown paper bag. Akridge testified that he could see a portion of the bag from his position outside of the car. Nothing in his testimony, however, shows that the contents of the bag were visible to Gillis.

At trial, Akridge asserted that the bag of drugs "appeared to have been . . . smashed up under the seat for concealment from" the officers. But the State offered no evidence that Gillis hid the drugs. We recognize that Connor did not immediately pull over when the officers first initiated the traffic stop, arguably providing time to conceal the contraband. Neither officer, however, noticed any significant movement by the car's occupants, and Akridge admitted that he did not see Gillis hide or "stash" anything in the car. Under these circumstances, no reasonable jury could infer that Gillis hid the cocaine. See *Wofford*, supra, 262 Ga. App. at 291 (1) (officers did not see defendant bend over or place anything under his seat). Compare *Johnson*, supra, 248 Ga. App. at 455 (1) (officer saw vehicle passenger throw an object over his

shoulder into the back seat, where contraband was found); *Reed v. State*, 244 Ga. App. 146, 146-147 (534 SE2d 871) (2000) (officer observed car passenger reach down to floorboard where cocaine was subsequently discovered).

The State asserts on appeal that Gillis had access to the cocaine for over three hours while riding in the car with Connor. Again, however, nothing establishes that he knew about the drugs, which were concealed in a paper bag under the passenger seat. Gillis' spatial proximity — even over an extended period of time — cannot sustain his conviction. See *Mitchell*, supra, 268 Ga. at 593 (despite the length of time passenger had been riding in car, evidence did not support finding of constructive possession because State offered no evidence that passenger knew about cocaine hidden under floor mat in front of him); *Maxwell v. State*, 238 Ga. App. 197, 198 (1) (518 SE2d 432) (1999) (connection necessary for constructive possession "lacking where hidden contraband drugs were found in a vehicle in which defendant was merely a co-occupant, and there was no evidence that defendant had knowledge of the contraband's existence").

Without some evidence that might permit an inference that Gillis hid the cocaine or at least knew the drugs were present, the jury was not authorized to find him in constructive possession of the contraband. Accordingly, we must reverse Gillis' conviction for possession of cocaine with intent to distribute. See *Mitchell*, supra, 268 Ga. at 593; *Wofford*, supra, 262 Ga. App. at 292-293.

2. Given our holding in Division 1, we need not address Gillis' remaining enumeration of error.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED APRIL 27, 2007.

*Tracy J. Mullis*, for appellant.
*Steven Askew, District Attorney, Adriane L. Love, Assistant District Attorney*, for appellee.