## A08A2002. CLEWIS v. THE STATE.

(667 SE2d 158)

BLACKBURN, Presiding Judge.

Following a jury trial, Darroll William Clewis appeals his conviction on one count of possessing methamphetamine[1] and twenty-one counts of sexually exploiting children.[2] In his sole enumeration of error, Clewis challenges the sufficiency of the evidence. Because we hold that the evidence sufficed to sustain the conviction, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[4]

So viewed, the evidence shows that on May 19, 2004, an officer observed a vehicle whose windows appeared illegally tinted and pulled the vehicle over, in which were a driver and a passenger in the front seats. While checking the driver's license, the officer learned of an outstanding arrest warrant on the driver and arrested him, placing him in the back of the patrol car. The officer had the passenger (Clewis), whom the officer knew through family connections, exit the vehicle so that a search incident to the arrest could take place. Once out of the vehicle, Clewis fled; after a short futile chase, the officer returned and commenced the search.

During the search of the vehicle, the officer found a bag on the floorboard between the two front seats, which contained baggies of methamphetamine and a homemade pipe commonly used to smoke this drug. On the back seat, the officer found a compact disk, which he later determined contained pictures of Clewis as well as several pictures of young children engaged in sexually explicit conduct. When the officer called Clewis and asked him why he had fled the scene of the traffic stop, Clewis replied that he was scared because he knew about the drugs in the vehicle.

Based on this information, the officer, who knew where Clewis lived, obtained a search warrant for Clewis's residence. Finding no one home, the officer with other law enforcement personnel searched the residence, which consisted of a living room, a kitchen, a bath-

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-12-100 (b) (8).

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

room and two bedrooms. Whereas the bedroom on the left contained a bed and dressers, the bedroom on the right appeared to be an office, containing only office furniture. In the office, the officer found computer disks (commonly known as floppy disks), on which were stored 21 separate images of underage males engaged in sexually explicit conduct, some of which images were also contained on the compact disk found on the vehicle's back seat. Also in the office, the officer found a computer, glass pipes commonly used to smoke methamphetamine, a torch commonly used to heat up methamphetamine, papers on methamphetamine, and a quantity of plastic baggies similar to those containing the methamphetamine in the vehicle. No legitimate business apparent in the residence explained the presence of the baggies. Throughout the residence, the officer discovered black-and-white pictures of young males in various stages of undress. During the six-hour search of the residence, police found nothing reflecting that anyone other than Clewis lived there.

Charged with one count of possessing methamphetamine and twenty-one counts of sexually exploiting children, Clewis put on a single witness at trial, who testified that the driver of the vehicle had also lived at the residence at the time of the search warrant. Based on all of the above evidence, the jury found Clewis guilty on all counts. Clewis challenges the sufficiency of the evidence, contending that the State failed to prove that he possessed the methamphetamine or the 21 pornographic images.

1. With regard to the methamphetamine-possession conviction, OCGA § 16-13-30 (a) makes it unlawful for any person to possess or have under his control any controlled substance such as methamphetamine. Clewis does not contest that the substance found in the vehicle was methamphetamine, but only contests that he possessed same. If a person is a passenger in a car in which he knows there are illegal drugs, and he has the power and the intention at a given time to exercise dominion or control over the drugs, then he is in constructive possession of those drugs. *Uriostegui v. State*.[5] Sitting in a car next to a cooler of cocaine was sufficient to sustain a conviction under this statute where the passenger knew the cooler contained cocaine. Id. Or sitting in a car in which drugs are in plain view has also sufficed. *Lopez v. State*.[6] The key is the knowledge of the passenger. See *Maxwell v. State*.[7]

Here, Clewis freely admitted to the officer that he fled the traffic stop because he knew the methamphetamine was in the vehicle; he

[5] *Uriostegui v. State*, 269 Ga. App. 51, 53 (603 SE2d 478) (2004).
[6] *Lopez v. State*, 259 Ga. App. 720, 722 (1) (578 SE2d 304) (2003).
[7] *Maxwell v. State*, 238 Ga. App. 197, 198-199 (1) (518 SE2d 432) (1999).

sat in the vehicle next to the bag containing the methamphetamine; and in his home were papers on methamphetamine, two glass pipes and a torch used for smoking methamphetamine, and the same type of baggies in which the methamphetamine was packaged that was found in the vehicle. Such showed a sufficient connection to and knowledge of the methamphetamine found in the vehicle.

Clewis argues that the driver also had access to the methamphetamine and that the State therefore could not show that Clewis had sole possession of the drug. However, because the State charged both occupants of the car with joint possession of the methamphetamine, the State "did not bear the burden of showing that one or the other was in sole possession of the drug." *Waters v. State*.[8] See *Ramirez v. State*[9] (State need not show defendant had sole possession of drug where the case involved allegations of joint constructive possession and both the defendant and his passenger were charged with the crime).

2. With regard to the charges of exploitation, OCGA § 16-12-100 (b) (8) provides: "It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." Once again, Clewis does not contest that the images stored on the floppy disks in his home displayed minors engaged in sexually explicit conduct, but only contests that he possessed same.

"If the [S]tate presents evidence that a defendant owned or controlled premises where contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband." *Jackson v. State*.[10] Thus, pornographic material found in a defendant's bedroom and on his computer is presumed to be possessed by the defendant. *Birkbeck v. State*.[11]

Here, Clewis sought to rebut this presumption by presenting evidence that the driver of the vehicle also lived at the residence at the time the pornographic material was found. "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." (Punctuation omitted; emphasis in original.) *Cochran v. State*.[12] *Cochran* explained further that "[t]o make an affirmative showing of equal access, it is not enough to show that others might have had equal access but it must affirmatively appear

---

[8] *Waters v. State*, 280 Ga. App. 566, 567-568 (634 SE2d 508) (2006).

[9] *Ramirez v. State*, 290 Ga. App. 3, 4-5 (1) (658 SE2d 790) (2008).

[10] *Jackson v. State*, 271 Ga. App. 278, 283 (3) (609 SE2d 207) (2005).

[11] *Birkbeck v. State*, 292 Ga. App. 424, 434 (7) (665 SE2d 354) (2008).

[12] *Cochran v. State*, 190 Ga. App. 884, 885 (1) (380 SE2d 319) (1989).

that others did have equal access." (Punctuation omitted.) Id. Because this is a jury question, only "unrebutted affirmative evidence demanding a finding of equal access" will result in a reversal of a conviction. (Emphasis omitted.) Id. at 886 (1). See *Wilkerson v. State*[13] ("[t]here being no unrebutted affirmative evidence demanding a finding of equal access, a rational trier of fact was authorized to find [defendant] guilty of trafficking in cocaine").

Here, the State presented evidence rebutting the testimony that the driver also lived in Clewis's residence. The six-hour search of the small residence yielded only evidence showing that Clewis lived there alone and that the second bedroom was simply an office.

Moreover, the equal access doctrine applies to rebut the presumption of possession only where the *sole* evidence of possession of contraband found on the premises is the defendant's ownership or possession of the premises. See *Wilkerson v. State*, supra, 269 Ga. App. at 192 (2). Here, the State presented evidence showing that pictures of Clewis and his family were on the compact disk (found in the vehicle), on which were also several of the pornographic images found in his residence. As this additional evidence also tied Clewis to the contraband, the State did not rely solely on his ownership of his home to prove possession.

The evidence sufficed to sustain Clewis's conviction on the drug possession and exploitation charges.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 22, 2008.

*Teresa L. Smith*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Melanie B. McCrorey, Assistant District Attorney*, for appellee.

[13] *Wilkerson v. State*, 269 Ga. App. 190, 193 (2) (603 SE2d 728) (2004).