## A08A1834. FLUKER v. THE STATE.
(674 SE2d 404)

BARNES, Judge.

After a jury trial, Hilton Fluker was found guilty of one count of trafficking in ecstacy. He filed a motion for new trial, which he later amended, and following the trial court's denial of the motion, he appeals contending that the evidence was insufficient to sustain his conviction. Upon review, we reverse.

In reviewing Fluker's challenge to the sufficiency of the evidence, we construe the evidence in a light most favorable to the

---

verdict, and Fluker no longer enjoys a presumption of innocence. See *Collins v. State*, 273 Ga. App. 598 (615 SE2d 646) (2005). We do not weigh the evidence or resolve issues of witness credibility, but merely determine "whether the evidence was sufficient to find [Fluker] guilty beyond a reasonable doubt." Id.

So viewed, the evidence shows that Fluker rode from New Orleans to Atlanta as a passenger in a car driven by Gwenn Reeves. Two of Reeves' children and Jamal Gabriel were also passengers. Reeves testified that Gabriel asked her the day they left New Orleans if Fluker could ride with them to Atlanta, and that she did not know him before that time. En route, Reeves stopped at a Quiktrip gas station in Norcross for gas, and talked with someone she knew who was also there. A police officer was observing the station from a vacant apartment across the street, and saw Reeves and Gabriel exit the car and talk with a man who drove up in a white car. Reeves testified that Gabriel and Fluker stayed in the car. The officer thought that it was suspicious that no one pumped gasoline. Reeves testified that she pumped gas, and when asked if anyone had pulled the gas nozzle, the officer said he "did not see it."

For several days before this incident, police had observed a similar pattern. The officer testified that "one vehicle would pull up, park at the gas pump . . . another vehicle would come pull up behind that vehicle. Both parties of each car would get out, have a conversation. Then both vehicles would leave at the same time, never getting gas." The officer called for a marked uniform unit to investigate, and following Reeves' consent to search the car, an officer retrieved ecstasy pills weighing 56.01 grams. The officer who searched the vehicle was not present at trial, and the other officer testified that he did not know where the pills came from "other than the passenger side of the vehicle." Fluker, Reeves and Gabriel were indicted for trafficking in ecstacy.[1]

In his sole enumeration of error, Fluker contends that the evidence was insufficient to sustain his conviction because the State failed to prove a nexus between Fluker and the drugs beyond mere spatial proximity. In the absence of any evidence showing that Fluker had actual possession of the ecstacy, the State relied on circumstantial evidence to prove that Fluker had constructive possession of the ecstacy. The State cited testimony by Reeves that she had the car cleaned before the trip and the pills were not there, and that the only time she left the car unattended was when she got out

---

[1] Reeves was also indicted for possession of less than one ounce of marijuana, which the State nolle prossed before trial.

of the car at the Quiktrip and Gabriel and Fluker were alone in the car with her children.

"A person is in constructive possession of an object when he knowingly has both the power and intention at a given time to exercise dominion over the object." (Footnote omitted.) *Wofford v. State*, 262 Ga. App. 291, 292 (1) (585 SE2d 207) (2003).

> [A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.

(Citation and punctuation omitted.) *Reid v. State*, 212 Ga. App. 787, 788 (442 SE2d 852) (1994); *Maxwell v. State*, 238 Ga. App. 197, 198 (1) (518 SE2d 432) (1999). When the State's constructive possession case is based wholly on circumstantial evidence, the law requires that "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Citation and punctuation omitted.) *Reid*, 212 Ga. App. at 789.

The circumstantial evidence produced by the State failed to establish a connection between Fluker and the ecstacy other than the fact that he was a passenger in the car. The arresting officer testified that nothing linked Fluker to the drugs other than the fact that he was in the car. As Fluker was merely a passenger, no presumption of ownership arises. *Maxwell*, supra, 238 Ga. App. at 198.

Because mere spatial proximity to the hidden drugs was insufficient to establish beyond a reasonable doubt that Fluker had constructive possession of the ecstacy, and the circumstantial evidence was insufficient to exclude every other reasonable hypothesis save that of guilt, the conviction must be reversed. *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997); *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993).

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 2, 2009.

*Wystan B. Getz*, for appellant.

*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.