## A09A1763. MILLSAPS v. THE STATE.
(685 SE2d 371)

MIKELL, Judge.

Michael Millsaps seeks reversal of his conviction of possession of methamphetamine, asserting that the evidence adduced against him at trial was insufficient to support the verdict. We agree and reverse his conviction.

On appellate review of a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable

---

[20] See *Salters v. State*, 234 Ga. App. 83, 85 (1) (a) (506 SE2d 221) (1998).
[1] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

doubt.[2]

So viewed, the record reflects that close to midnight on March 28, 2006, Deputy James Johnson of the Catoosa County Sheriff's Office noted a Lincoln Town Car entering and exiting an area known for drug traffic. The car held three occupants, two in front and one, Millsaps, in the left rear passenger seat, behind the driver. Johnson followed the car while he requested a check on the vehicle's tag. When Johnson was informed that the tag was registered to a different vehicle, he attempted to institute a traffic stop. Rather than stopping, the driver of the Lincoln led Johnson on a "low speed chase" for two to three miles and then came to an abrupt stop. The front passenger opened his door and ran into nearby woods, not to be seen again that night. The driver and owner of the vehicle, Sandra Minton, told Johnson that the passenger who fled into the woods was Randall Millsaps, who was her boyfriend and Millsaps's brother. Minton explained that she did not stop when the officer first turned on his siren because Randall insisted that she keep moving.

Johnson asked Minton and Millsaps to exit the vehicle. Millsaps complied with the officer's commands. The back seat of the vehicle was filled with boxes containing numerous household items, because as Minton explained, she was in the process of moving; thus, the only place for Millsaps to sit was immediately behind the driver.

Minton was charged with fleeing and attempting to elude police; later, after marijuana was discovered in her purse, she was also charged with possession of marijuana. Upon search of the passenger compartment of the Lincoln incident to Minton's arrest, Johnson saw about two inches of a plastic baggy sticking out under the left corner of the back seat, where the seat met the floorboard carpet. When Johnson pulled this baggy out from under the seat, he discovered that it contained white powder, which was later determined to be methamphetamine. Both Millsaps and Minton denied ownership of the contraband.

Neither Minton nor Randall, the other occupants of the car, was charged with possession of the contraband in the baggy. Millsaps was charged by accusation with one count of possession of methamphetamine[3] and was convicted following a jury trial.

Millsaps contends that the evidence was insufficient to sustain his conviction. The state did not present evidence that Millsaps had actual possession of the methamphetamine;[4] instead, the state

---

[2] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA §§ 16-13-30 (a) ("it is unlawful for any person to purchase, possess, or have under his control any controlled substance"); 16-13-26 (3) (B) (listing methamphetamine as a Schedule II controlled substance).

[4] *Herberman v. State*, 287 Ga. App. 635, 637 (1) (653 SE2d 74) (2007) ("A person who

sought at trial to show constructive possession, based on circumstantial evidence. Because the other occupants of the vehicle were not charged, "the [s]tate had the burden of showing that [Millsaps] was in *sole* constructive possession of the drugs."[5] Where the evidence against the accused is entirely circumstantial, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused.[6]

"A person is in constructive possession of an object when he knowingly has both the power and intention at a given time to exercise dominion over the object."[7] "Power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances."[8] A finding of constructive possession may not, however, rest solely upon the defendant's spatial proximity to the contraband; the evidence must show some other connection between the defendant and the drugs, especially where the contraband was concealed.[9]

The circumstantial evidence adduced at trial failed to establish such a connection between Millsaps and the methamphetamine found under his seat in the car. Because Millsaps was a passenger, no presumption arose that he was in possession of the contents of the car.[10] In *Gillis*, this Court determined that the evidence was insufficient to connect a passenger in a vehicle to cocaine hidden in a "mashed up" paper bag found under the passenger's seat.[11] The bag itself, but not its contents, could be seen sticking out from under the seat occupied by the passenger.[12] Similarly, in the case before us, the plastic bag, but not the white powder contents thereof, could be seen poking out from underneath the rear passenger seat occupied by Millsaps. The state offered no evidence that Millsaps knew that the baggy contained contraband, or that he was the one who hid the

---

knowingly has direct physical control over a thing at a given time is in actual possession of it") (punctuation and footnote omitted).

[5] (Emphasis in original.) *Reid v. State*, 212 Ga. App. 787, 789, n. 1 (442 SE2d 852) (1994) (whole court).

[6] *Bryson v. State*, 293 Ga. App. 392, 394 (1) (667 SE2d 170) (2008). See also OCGA § 24-4-6.

[7] (Citation and punctuation omitted.) *Fluker v. State*, 296 Ga. App. 347, 349 (674 SE2d 404) (2009).

[8] (Citation and punctuation omitted.) *Kier v. State*, 292 Ga. App. 208, 209-210 (1) (663 SE2d 832) (2008).

[9] *Gillis v. State*, 285 Ga. App. 199, 200 (1) (645 SE2d 674) (2007), citing *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997) (evidence insufficient where cocaine was hidden under floor mat in front of defendant passenger's seat).

[10] *Reid*, supra at 789. Accord *Mitchell*, supra; *Fluker*, supra.

[11] *Gillis*, supra.

[12] Id. at 200 (1).

contraband.

Even though the vehicle did not immediately pull over when the traffic stop was initiated, the arresting officer discerned no erratic behavior or furtive movement by the occupants of the vehicle as he followed it.[13] And "we have expressly held that mere spatial proximity combined with flight is insufficient to connect a defendant to nearby contraband."[14]

Absent evidence that might permit an inference that Millsaps hid the methamphetamine or at least knew of its presence, the jury was not authorized to find him in constructive possession of the contraband.[15] Accordingly, we reverse his conviction for possession of methamphetamine.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 7, 2009.

*William H. Lanphier*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.

---

[13] See *Gillis*, supra at 199-200 (1) (after officer initiated traffic stop, vehicle traveled an additional two blocks, but officer did not see defendant "stash" anything in car). Compare *McBee v. State*, 296 Ga. App. 42, 45-46 (2) (a) (673 SE2d 569) (2009) (where passenger was moving his hands around and under his seat, passenger's connection to contraband found under seat was based on more than mere spatial proximity).

[14] (Citations omitted.) *Brown v. State*, 285 Ga. App. 330, 332 (646 SE2d 273) (2007).

[15] See *Gillis*, supra at 201 (1). Accord *Mitchell*, supra.