**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 3, 2015**

# In the Court of Appeals of Georgia

A15A1594. LEHMAN v. THE STATE.

McFADDEN, Judge.

After a jury trial, Donald Ray Lehman was convicted of possession of methamphetamine and possession of oxycodone, and sentenced to ten years probation. He appeals, arguing that the evidence presented at trial was insufficient to support his convictions and that the trial court erred in refusing to give his written request to charge on the law of mere association. We agree that the evidence is insufficient to support the convictions and therefore reverse. Accordingly, we do not reach Lehman's jury charge argument.

"[O]n an appeal following a conviction, the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does

not weigh the evidence or determine witness credibility." *Webb v. State*, 228 Ga. App. 624, 625 (2) (492 SE2d 312) (1997) (citations and punctuation omitted). So viewed, the evidence showed that on April 20, 2013, a deputy sheriff pulled over the pickup truck in which Lehman was a passenger because a headlight was not working. Lehman's co-defendant, Kermit Nobles, Jr., owned the truck and was the driver. The officer had Nobles step out of the vehicle and obtained Nobles's consent to search the vehicle. The officer searched the truck while Lehman was still inside the truck and Nobles was still outside, and saw a container on top of a pile of clothes on the back seat floorboard. The container held .11 grams of methamphetamine and one tablet of oxycodone. Both Lehman and Nobles denied having knowledge of the container and were each arrested.

Lehman argues that the evidence presented at trial showed only his presence in the truck where the drugs were found and was insufficient to allow the jury to conclude that he was in constructive possession of the contraband.

"Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." *Whipple v. State*, 207 Ga App. 131, 132 (1) (427 SE2d 101) (1993) (citation and punctuation omitted). A finding of constructive possession must be

2

based upon some connection between the defendant and the contraband other than spatial proximity or mere presence in the vehicle where the contraband is found. Id. The only evidence of Lehman's constructive possession offered by the state other than spatial proximity is the testimony of Nobles. Nobles testified that the arresting officer conducted two separate searches of the vehicle and saw the container only on the second search. As the container was not found on the first search, yet was found on the second search when Lehman was the sole occupant of the vehicle, the state argues that Lehman had exclusive opportunity for control of the contraband. However, the arresting officer did not testify that he had conducted multiple searches, nor was he called back to corroborate Nobles's testimony.

While the testimony of a single witness is generally sufficient to establish a fact, in "*felony cases where the only witness is an accomplice*, the testimony of a single witness shall not be sufficient." OCGA 24-14-8 (emphasis supplied). As the testimony of Nobles is the only evidence other than spatial proximity connecting Lehman to the contraband, the evidence was insufficient to support a conviction based on constructive possession. See *Claybrooks v. State*, 189 Ga. App. 431 (375 SE2d 880) (1988). Compare *Davenport v. State*, 308 Ga. App. 140, 145-146 (1) (b) (706 SE2d 757) (2011) (methamphetamine convictions affirmed because

3

accomplice's testimony regarding the defendant's constructive possession corroborated by observations of investigating officers).

Given our disposition, we do not reach Lehman's argument that the trial court erred in refusing to give the charge of mere association to the jury. But see *Miller v. State*, 249 Ga. 96, 98 (2) (287 SE2d 543) (1982) (charge on mere presence covered in substance same principles involved in requested mere association charge).

*Judgment reversed. Ellington, P. J., and Dillard, J., concur*.