A94A2749. BLAIR v. THE STATE.
(455 SE2d 97)

BEASLEY, Chief Judge.

At a bench trial, Blair was convicted of loitering and prowling, OCGA § 16-11-36, and possession of less than one ounce of marijuana. OCGA § 16-13-2 (b).

Cobb County Police Sergeant Carter testified that she was doing a security check of an industrial park at night when no businesses in the park were open. The area is patrolled frequently, because stolen cars are found there on occasion and juveniles gather there.

On the night in question, Carter observed a car with the lights out in the parking lot, where authorized vehicles do not remain at night. It was occupied by Carnes in the driver's seat and Blair in the passenger seat. When the officer approached the car, she smelled the odor of burning marijuana. She asked Carnes what they were doing there, and he stated they had been to a movie and had parked to try to decide what to do next.

Carter returned to her patrol car to request another police car. After Officer Sullivan arrived, both officers approached the car in which Carnes and Blair were seated. Sergeant Carter asked Carnes to step out of the car and asked what he and Blair were doing. He ad-

mitted they were smoking marijuana and both were arrested.

She then asked Carnes if he had any more marijuana in the car. He said he did, and she found it after he told her it was in a black bag behind the passenger seat. Officer Sullivan also found a baggie with marijuana under the passenger seat. A water pipe was found between the passenger seat and the door, and what appeared to be its bowl was found on the dash.

Although Sergeant Carter did not speak to Blair, she observed his face to be flushed, his eyes to be extremely glassy, and his appearance to be intoxicated or under the influence of drugs. She is specifically trained in marijuana detection. Officer Sullivan, who is trained in drug identification, testified that Blair had the odor of marijuana about him and that his eyes were very glassy and bloodshot, as though he had been smoking marijuana.

Sergeant Carter seized the green leafy material in the bags and the suspected marijuana pipes. The material tested positive for marijuana, but the other items were not tested.

Blair testified that his eyes were red because his contact lenses were irritated by the marijuana smoke. He maintained that only Carnes was smoking the marijuana and that he, Blair, was not participating. He admitted that he placed the pipe next to the passenger door after Carnes handed it to him.

1. Blair contends that the trial court erred in overruling his motion for directed verdict of acquittal and finding him guilty of possession of marijuana. There is no verdict in a bench trial; the issue is whether the evidence met the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *In the Interest of L. D. H.*, 213 Ga. App. 297, 298 (2) (444 SE2d 387) (1994).

In applying the test, we take into account OCGA § 24-4-6. It prohibits a conviction on circumstantial evidence unless the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis save that of the guilt of the accused.

" 'This does not mean that the state must exclude every possible hypothesis showing innocence, but any *reasonable* hypothesis showing innocence.' [Cit.] [Emphasis in original.] 'Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the [factfinder].' [Cit.] Because the [factfinder] has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court. Thus, this court will not disturb its finding unless the verdict is insupportable as a matter of law. [Cits.] If the totality of the evidence is sufficient to connect defendant to possession of drugs, even though there is evidence to authorize a contrary finding, the [conviction] will be sustained. [Cits.]" *Singleton*

*v. State*, 194 Ga. App. 5, 6 (389 SE2d 496) (1989); see *Johnston v. State*, 178 Ga. App. 219, 220 (1) (342 SE2d 706) (1986); *Russell v. State*, 174 Ga. App. 436, 437 (1) (330 SE2d 175) (1985).

It was a question for the factfinder as to whether Blair was merely present in the car in which marijuana was being smoked or whether he was participating in the smoking of the marijuana and thus in possession of it. There was evidence of a connection between him and the contraband other than spatial proximity and physical presence. See *Sanders v. State*, 199 Ga. App. 671, 672 (2) (405 SE2d 727) (1991); *Lane v. State*, 177 Ga. App. 553, 554 (1) (340 SE2d 228) (1986); compare *Shirley v. State*, 166 Ga. App. 456, 457 (1) (304 SE2d 468) (1983); *Mitchell v. State*, 150 Ga. App. 44, 46 (2) (256 SE2d 652) (1979).

In sum, there was clearly sufficient evidence from which a rational trier of fact could find appellant guilty of marijuana possession beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Blair also contends that the court erred in finding him guilty of the loitering and prowling charge.

Under OCGA § 16-11-36 (a), "[a] person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." Under OCGA § 16-11-36 (b), "[u]nless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct." OCGA § 16-11-36 (b) further states that "[n]o person shall be convicted of an offense under this Code section if . . . it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern."

Although Blair argues otherwise, any rational trier of fact could have found beyond a reasonable doubt that he and Carnes were in a place at a time and in a manner not usual for law abiding individuals; that the circumstances warranted a justifiable and reasonable alarm or immediate concern for the safety of property (the closed business and buildings) in the vicinity; and that Carnes' explanation that he and Blair were smoking marijuana did not dispel the alarm or concern.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MARCH 8, 1995.

*Sandy E. Scott,* for appellant.

*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Cindi Yeager, Assistant Solicitors,* for appellee.