## A06A0830. MILANOVICH v. THE STATE.
### (629 SE2d 556)

RUFFIN, Chief Judge.

We granted Gregory Milanovich's application for discretionary appeal in which he challenges the sufficiency of the evidence supporting the trial court's revocation of his probation. Milanovich also argues that the trial court erred in failing to consider alternatives to incarceration. We affirm.

1. In determining whether a probationer has violated the terms of his probation, a trial court employs the "preponderance of the evidence" standard.[1] On appeal, we will not interfere with a lower court's revocation of probation absent manifest abuse of discretion.[2]

So viewed, the evidence shows that in the summer of 2005, Francisco Villarreal worked as a construction manager for Specialty Pools. The company was located off Holcomb Bridge Road, and the property was surrounded by a gated fence. On July 19, 2005, as Villarreal drove through the gate, he saw a bike with an open bike bag leaning against the back of the office building. Upon seeing the bike, Villarreal "went around the building to check and [to] make sure everything was closed." Villarreal discovered that an abandoned van parked on the property had a door opened, and a backpack had been left on the seat of the van.

Because the company had been burglarized earlier in the year, Villarreal called the police. While waiting for the police to respond, Villarreal saw Milanovich walking toward him from woods located outside of the fence. Villarreal asked Milanovich what he was doing, and Milanovich responded "that he was going to take shelter from the rain." Villarreal then asked Milanovich how he entered the property, and Milanovich said that he had come through a break in the fence. After learning that the police had been summoned, Milanovich took his bicycle and headed back toward the woods. Villarreal followed Milanovich into the woods and found boxes of clothing and personal belongings.

Officer Carr with the Roswell Police Department responded to the scene where she interviewed Villarreal. Later that day, Carr returned to the scene after Milanovich was found by another officer.

---

[1] See OCGA § 42-8-34.1 (b).
[2] See *Parker v. State*, 275 Ga. App. 35 (619 SE2d 750) (2005).

According to Carr, Milanovich apologized for being on the property and said that he thought it was abandoned. Milanovich was ultimately arrested.

At the time of his arrest, Milanovich was serving a probationary sentence following a 1994 theft by receiving conviction. As a condition of probation, Milanovich could not "violate the criminal laws of any governmental unit." The State petitioned to revoke Milanovich's probation, alleging that he had committed offenses including criminal trespass and loitering or prowling. Following a hearing, the trial court granted the State's petition on these bases and ordered Milanovich to serve 18 months.

On appeal, Milanovich challenges the sufficiency of the evidence demonstrating that he had committed loitering, prowling, or criminal trespass. Under OCGA § 16-11-36 (a),

[a] person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

Subsection (b) of this Code section provides that, in determining whether alarm is warranted, the factfinder may consider if "the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object."

Here, the record demonstrates that Milanovich climbed through a hole in a fence surrounding private property at a time when the business was closed and the gate shut. Villarreal, who knew of an earlier break-in, found Milanovich's presence sufficiently alarming that he contacted police. When Milanovich was notified that police had been summoned, he left the scene and was not present when Officer Carr arrived. Under these circumstances, the trial court was authorized to find, under the preponderance of the evidence standard, that Milanovich's presence caused a justifiable and reasonable alarm for the safety of property.[3] In view of this holding, we need not consider whether the evidence also was sufficient to establish trespassing.

In a related argument, Milanovich asserts that the trial court denied him fundamental fairness and due process by punishing him

---

[3] See, e.g., *Blair v. State*, 216 Ga. App. 545, 547 (2) (455 SE2d 97) (1995) (evidence sufficient to prove loitering and prowling beyond a reasonable doubt).

for being homeless. He cites *Bearden v. Georgia*[4] for the proposition that the State cannot punish someone merely because he or she is impoverished. There is no evidence, however, that Milanovich's economic status factored into the trial court's decision to revoke his probation.

Without dispute, the trial court noted on the record that Milanovich appeared to be homeless. However, this does not establish that the court revoked his probation *because* he was homeless. Rather, the transcript and the revocation order reveal that the trial court found that Milanovich violated the law and thus decided to revoke his probation. And, under the facts of this case, we cannot conclude that the court manifestly abused its discretion in so doing.

2. Finally, Milanovich contends that the trial court erred in refusing to consider alternatives to incarceration. OCGA § 42-8-34.1 (c) provides, in pertinent part, that in revoking a defendant's probation following a violation that does not involve the commission of a new felony offense, the trial court

> shall consider the use of alternatives [to incarceration] to include community service, intensive probation, diversion centers, probation detention centers, special alternative incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less.

In this case, the trial court indicated that the defendant did not meet the criteria for incarceration alternatives by checking a box on its form order revoking probation. The trial court did not, however, explain its reasoning at the hearing, other than noting that Milanovich appeared to be homeless and expressing concern about Milanovich's ability to sustain himself. Evidently, Milanovich believes that the court was required, sua sponte, to set forth its reasoning for declining to use alternatives to incarceration. But Milanovich provides no authority for this proposition. Here, there is nothing to support a finding that the judge *refused* to consider alternatives to incarceration. Under these circumstances, Milanovich has failed to establish error.[5]

---

[4] 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).

[5] See, e.g., *Camaron v. State*, 246 Ga. App. 80, 81-82 (1) (539 SE2d 577) (2000) (defendant failed to show error where record did not support finding that trial court refused to exercise discretion in considering first offender status).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 6, 2006.

*Mary Erickson*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Matthew T. McNally, Assistant District Attorneys*, for appellee.