S09A0824. HICKS v. THE STATE.

(677 SE2d 111)

BENHAM, Justice.

In 2006, appellant Albert Hicks was convicted of the malice murder of Jean Cleland which occurred in 2003 when both men served as security personnel at the Fulton County Government Building in Atlanta.[1] After reviewing the record and transcripts in

---

[1] The victim was assaulted on November 22, 2003, and died in the hospital on December 19, 2003, when life support equipment was disconnected. Appellant was charged with malice murder, felony murder (aggravated assault), and aggravated assault in a true bill of indictment returned by the Fulton County grand jury on January 25, 2005. The trial began on February 22, 2006, and concluded with the jury's return of its guilty verdicts on all counts on March 2. The trial court filed its sentence of life imprisonment on March 8, the felony murder conviction having been vacated by operation of law and the aggravated assault conviction having merged

light of appellant's assertions of error, we affirm the judgment of conviction.

1. The State presented evidence that appellant was on duty on November 22, 2003, at the security station where all persons seeking entry into the Fulton County Government Building after normal business hours had to sign in. The victim and a supervisor went to appellant's security station after the victim detected the presence of an unidentified person in the building. According to the supervisor, the victim entered the security booth to examine the sign-in log while the supervisor and appellant waited outside the booth. When the victim attempted to exit the booth, appellant blocked him, pushing and shoving him into the booth. Appellant declared he was tired of the victim's "****," put on a glove, struck the victim repeatedly with his closed, gloved fist, pulled the victim from the booth, slammed him into a wall, threw him down on a concrete drive, put the victim in a chokehold, and pinned the victim down by laying his 320-340-lb. body across the chest of the victim. Despite the repeated pleas of the supervisor that appellant get off the victim because the victim could not breathe, appellant refused to release the victim until police arrived. The victim lapsed into unconsciousness, with his face swollen and hemorrhaging occurring in one eye. Another security guard summoned by the supervisor arrived at the point when appellant used his body to pin down the victim, and the newly-arrived security guard corroborated the testimony of the supervisor concerning her description of the chokehold appellant applied to the victim, the condition of the victim, and appellant's refusal to release the victim.

A pulmonary specialist who treated the victim at the hospital testified the victim had no response to visual or tactile stimuli and required a machine to aid his breathing. The hemorrhaging in the right eye was consistent with having been choked and the unequal size of his pupils was consistent with hypoxic brain injury. Within 48 hours of hospitalization, the victim suffered multiple organ failure and thereafter contracted several hospital-acquired infections. He died when life-support equipment was removed 29 days after he was assaulted. The forensic pathologist who performed the autopsy determined the victim's death to be the result of delayed complications from a physical assault. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a

---

as a matter of fact into the malice murder conviction. OCGA § 16-1-7. Appellant timely filed a motion for new trial on March 16, 2006. The motion was amended on August 20, 2007, was the subject of a hearing held on November 18, 2008, and was denied on November 19, 2008. A notice of appeal was timely filed on November 21, 2008, and the case was docketed in this Court on February 9, 2009. It was submitted for decision on the briefs.

388

reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it denied his motion for directed verdict of acquittal in which appellant asserted the State had not proved intent. A trial court's denial of a motion for directed verdict of acquittal is reviewed by applying the "sufficiency of the evidence" test of *Jackson v. Virginia*, supra.

> The crime of malice murder is committed when a person unlawfully causes the death of another human being while acting with express or implied malice. [Cit.] In this definition of the crime, the concept of malice incorporates the intent to kill. [Cits.] Thus, in Georgia, the crime of malice murder is committed when the evidence shows either an express or, in the alternative, an implied intent to commit an unlawful homicide. . . . Thus, a malice murder can be shown not only by evidence that the defendant acted with the "deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof," but also by evidence that the defendant acted "where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." OCGA § 16-5-1 (b). In other words, evidence that the defendant acted with implied malice is, for purposes of demonstrating his guilt of the crime of malice murder, no less probative than proof that he acted with a specific intent to kill.

*Parker v. State*, 270 Ga. 256 (4) (507 SE2d 744) (1998). The trial court did not err when it denied the motion for directed verdict of acquittal since there was evidence that the victim did not provoke the attack and that appellant acted with an abandoned and malignant heart by his repeated acts of physical violence against the victim, including the use of a chokehold and his refusal to remove his body from the chest of the comatose victim.

3. Appellant contends the trial court erred when it permitted the State to present evidence of a 1995 similar transaction in which appellant, wearing the uniform of a security guard, ran down the stairs of a train station to the platform, grabbed a man awaiting the arrival of a train, beat and kicked him, and threw him on the train tracks. When the victim climbed back on the platform, appellant resumed beating and kicking him until transit police arrived. After conducting a pre-trial hearing and making findings required by *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991), the trial court allowed the evidence to show course of conduct. Based on our

review of the record and transcript, we conclude the trial court's findings were not clearly erroneous and will not be disturbed on appeal. *Harvey v. State*, 284 Ga. 8 (2) (660 SE2d 528) (2008).

4. Appellant contends the trial court erroneously permitted the State to place appellant's character in issue when, on cross-examination of appellant, the State was allowed to introduce evidence of appellant's arrest for a misdemeanor for purportedly throwing a chair through a glass counter at a store where he was employed as a security guard. The State cross-examined appellant on the subject after appellant testified on direct examination about his receipt of certificates for 10 and 15 years of service to the county and for completing various classes held in connection with his job. Appellant's failure to voice this objection at trial to the admission of the evidence constitutes a waiver of appellate review of the issue. *Sampson v. State*, 282 Ga. 82 (2) (646 SE2d 60) (2007). Appellant's pre-trial objection that the evidence did not constitute a similar transaction admissible in the State's case-in-chief did not preserve appellate review of the admission of the evidence as impeachment evidence. See *Grier v. State*, 217 Ga. App. 409 (2) (458 SE2d 139) (1995) (noting difference between similar transaction evidence and impeachment evidence in determining that failure to object constitutes a waiver to raise the issue on appeal).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 2009.

*Cynthia W. Harrison*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Lenny I. Krick*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Sheila E. Gallow*, Assistant Attorney General, for appellee.