### A09A1160. COX v. THE STATE.
(684 SE2d 147)

DOYLE, Judge.

A Chatham County jury found Michael Bruce Cox guilty of one count of possession of tools for the commission of a crime (a mixing bowl),[1] three counts of possession or delivery of controlled substances (alprazolam, diazepam, and hydrocodone) with the intent to distribute,[2] one count of possession of less than one ounce of marijuana,[3] one count of trafficking in cocaine over twenty-eight grams,[4] and one count of possession of a sawed-off shotgun.[5] On appeal, Cox contends that the trial court erred by denying his motion for directed verdict because there was insufficient evidence to support the guilty verdicts. For the reasons that follow, we affirm.

"In determining the sufficiency of the evidence, we consider whether the evidence, viewed in a light most favorable to the verdict, would have authorized a rational trier of fact to find [Cox] guilty."[6]

So viewed, the evidence shows that on July 29, 2006, officers executed a search warrant at an apartment based on two controlled buys of narcotics made by a confidential informant ("CI") at the location. The CI had made purchases from Chedrick Chaney, but Cox was at the apartment during one of the buys, and the CI thought that the apartment was Cox's.[7] When the officers entered the small efficiency apartment, they apprehended Cox, who told them that he had been in the bathroom (the only separate room in the apartment), where the officers found marijuana and currency with serial numbers matching those used during the controlled buys. Cox admitted

---

[1] OCGA § 16-7-20 (a).

[2] OCGA § 16-13-30 (b).

[3] OCGA § 16-13-30 (j).

[4] OCGA § 16-13-31 (a).

[5] OCGA § 16-11-122.

[6] *Johnson v. State*, 248 Ga. App. 454 (1) (546 SE2d 562) (2001). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hicks v. State*, 285 Ga. 386, 388 (2) (677 SE2d 111) (2009) ("[a] trial court's denial of a motion for directed verdict of acquittal is reviewed by applying the sufficiency of the evidence test of *Jackson v. Virginia*") (punctuation omitted).

[7] Neither Chaney nor Cox leased the apartment, which was leased by Cox's uncle.

that the marijuana was his and that he was going to smoke it, when the officers arrived at the apartment. Cox's key ring had a key to the apartment as well as a key to the vehicle he drove to the scene.

The officers also discovered a glass bowl with cocaine residue and crack cocaine in plain view in the kitchen area of the apartment. In a kitchen cupboard, officers discovered a Quaker Oats grits bag containing 28 grams of crack cocaine. Under the bed, the officers found in a shoebox large amounts of alprazolam, diazepam, and hydrocodone in manufacturers' bottles without prescriptions. In the night stand beside the bed, the officers discovered a shotgun with a barrel shorter than 18 inches, more prescription narcotics, numerous pieces of paperwork with Cox's name, an insurance document dated April 10, 2006, with Cox's name, and several picture identification cards with Cox's name and photograph. While the officers were attempting to check the shotgun for ammunition, Cox told them that the weapon was unloaded.

On appeal, Cox contends that the trial court erred by denying his motion for directed verdict because the State provided insufficient evidence to support the guilty verdicts. Specifically, Cox contends that the State did not present sufficient evidence to exclude the hypothesis that he had vacated the apartment (leaving some personal items) and was merely visiting to collect the rent from Chaney, who actually possessed the narcotics and weapons. We disagree.

> Possession may be either actual or constructive. Constructive possession exists where a person though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing[, and it] must be based upon some connection between the defendant and the contraband other than spatial proximity. When a constructive possession case is based wholly on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.[8]

Reasonable hypotheses, however, do not include "bare possibilities that the crime could have been committed by someone else."[9] "Whether any given hypothesis is reasonable is a question for the jury, and we will not disturb the jury's finding in this regard unless

---

[8] (Citations and punctuation omitted.) *Prather v. State*, 293 Ga. App. 312, 313 (1) (667 SE2d 113) (2008); see also OCGA § 24-4-6.

[9] (Punctuation omitted.) *Slaughter v. State*, 282 Ga. App. 276, 280 (3) (638 SE2d 417) (2006).

it is unsupportable as a matter of law.''[10]

In support of his argument that there was not sufficient evidence beyond spatial proximity to link him to the narcotics and weapon, Cox cites to *Fluker v. State*;[11] however, that case is distinguishable from the facts presented here. In *Fluker*, this Court reversed a conviction for trafficking in ecstacy because it was based on the vehicle passenger's mere spatial proximity to hidden contraband, and the defendant in that case did not own or control the vehicle in question, which precluded a presumption that the defendant possessed the narcotics found in the vehicle.[12] Additionally, there was no testimony or other circumstantial evidence linking the defendant to the narcotics.[13] Here, in comparison to *Fluker*, the State presented evidence linking Cox to the narcotics in addition to his mere presence in the apartment.

In this case, the evidence presented showed that Cox was in the bathroom with the marijuana found at the scene and that he admitted that he possessed and intended to smoke the marijuana. The shotgun was found in the night stand along with his personal papers, permitting an inference that Cox had ownership and control over the shotgun and the area surrounding the bed under which the prescription narcotics were discovered. Additionally, the fact that Cox's personal papers were found in the apartment, and the fact that he had a key to the apartment support the jury's finding that Cox possessed control over the apartment and, thus, the narcotics found in the kitchen area. The verdict also is supported by Cox's possession of the currency used in the controlled buys and his appearance on the recording of one of the buys.

In light of the foregoing, sufficient evidence was presented to support the jury's findings. Cox's argument that the evidence did not rule out his reasonable hypothesis of mere presence at the scene is meritless because he testified and presented his argument to the jury, which determined that Cox was not merely present and instead, possessed the narcotics and weapon.

> Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the

---

[10] Id.

[11] 296 Ga. App. 347 (674 SE2d 404) (2009).

[12] See id. at 349.

[13] See id.

reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court. Thus, this court will not disturb its finding unless the verdict is insupportable as a matter of law. If the totality of the evidence is sufficient to connect defendant to possession of drugs, even though there is evidence to authorize a contrary finding, the conviction will be sustained.[14]

Thus, because the jury's determination is supported by the evidence and because they were able to hear evidence of and to exclude Cox's alternative hypothesis, we will not disturb the verdicts.[15]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 17, 2009.

*Solomon A. Amusan*, for appellant.
*Larry Chisolm, District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.

---

[14] (Citations and punctuation omitted.) *Blair v. State*, 216 Ga. App. 545, 546 (1) (455 SE2d 97) (1995).

[15] See id. at 546-547 (1); *Slaughter*, 282 Ga. App. at 280 (3).