## A09A1296. HOWARD v. THE STATE.
### (684 SE2d 297)

DOYLE, Judge.

A Cobb County jury found Randy Howard guilty of possession of methamphetamine[1] and possession of cocaine.[2] On appeal, Howard contends that the trial court erred by denying his motion for directed verdict based on insufficient evidence of possession. For the reasons that follow, we affirm.

"In determining the sufficiency of the evidence, we consider whether the evidence, viewed in a light most favorable to the verdict, would have authorized a rational trier of fact to find [Howard] guilty."[3]

So viewed, the evidence presented at trial showed that in the early morning hours of April 4, 2007, Officer Lester Maddox was working undercover, surveilling an area of Cobb County known for high crime. As he was driving around the area in an unmarked police car, the officer observed a vehicle with three passengers pull out of the parking lot of an extended stay hotel and into the parking lot of an abandoned service station. This piqued the officer's suspicion, and while under observation, the vehicle continued to an adjacent warehouse and picked up a fourth individual (later determined to be Howard) from a trailer parked at the warehouse. With Howard seated in the front passenger seat, the vehicle left the area and continued onto Interstate 20, where a marked police car stopped the vehicle after Ray Messer, the driver, committed a traffic violation.

---

[1] OCGA § 16-13-30 (a).

[2] Id.

[3] *Johnson v. State*, 248 Ga. App. 454 (1) (546 SE2d 562) (2001). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hicks v. State*, 285 Ga. 386, 388 (2) (677 SE2d 111) (2009) ("'[a] trial court's denial of a motion for directed verdict of acquittal is reviewed by applying the sufficiency of the evidence test of *Jackson v. Virginia*'") (punctuation omitted).

Upon searching the vehicle, an officer found a Marlboro cigarette package containing what later tested positive for methamphetamine and cocaine on the front passenger's side floorboard.

At trial, Messer testified that he and the two occupants drove down from Tennessee in order to meet Howard and purchase narcotics from him. Messer testified that the Marlboro package, which to Messer's knowledge was not in the vehicle before Howard arrived, belonged to Howard because Messer had asked him for a cigarette and Howard said, "I've got a Marlboro."

Howard contends that the evidence of his possession of the narcotics was insufficient as a matter of law because his mere proximity to the drugs was not sufficient to prove possession.

> Constructive possession results when a person knowingly has the power and intention to exercise dominion over an object. A finding of constructive possession, however, cannot rest upon the person's spatial proximity to the object. As held by our Supreme Court . . . , some other connection between the person and object must be shown, particularly where the object is concealed.[4]

In this case, the State presented evidence through the testimony of Messer and the officers that would allow the jury to find beyond a reasonable doubt that the narcotics belonged to Howard.[5] While one officer initially testified during his summary of the night's events that the narcotics contained in the cigarette package were found on the driver's side floorboard, he later stated that they were found on the passenger's side floorboard when he was specifically asked about the location of the narcotics.[6] Additionally, Messer testified that the

---

[4] (Citations omitted.) *Gillis v. State*, 285 Ga. App. 199, 200 (1) (645 SE2d 674) (2007). See also *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997) (evidence of cocaine under floor mat at passenger's feet insufficient to show constructive possession even though passenger was "extremely nervous").

[5] See, e.g., *Oliveres v. State*, 292 Ga. App. 460, 462 (664 SE2d 836) (2008) (upholding the conviction of a passenger of a vehicle for possession of cocaine because the passenger was seated in the rear of the vehicle, with no passenger seated in front, and the drugs were found in the rear cargo compartment of the car, to which the passenger had access). Compare with *Fluker v. State*, 296 Ga. App. 347, 349 (674 SE2d 404) (2009) (reversing the possession charge against the defendant, who was one of two passengers in a vehicle he did not own, because the driver's testimony that she had cleaned the car before picking up the defendant and the narcotics were not there at that time was not sufficient to link the defendant to the drugs when no other connection between the defendant and the drugs was shown).

[6] To the extent that Howard challenges the contradictory nature of the testimony presented at trial or the credibility of the witnesses, his arguments are unpersuasive because those issues were for the jury to resolve. See *Hutchinson v. State*, 232 Ga. App. 368, 369 (501 SE2d 873) (1998).

cigarette package belonged to Howard because the package was found under Howard's feet, because there was no methamphetamine or cocaine in the car before Howard entered it, and because the package was not within reach of the other two occupants, who had ridden in the back seat the entire trip except for the first fifteen minutes in Tennessee. Messer also testified that the narcotics belonged to Howard because the reason that he and the other two individuals drove to Georgia from Tennessee was to purchase narcotics from Howard. Messer's testimony in this regard is supported by Officer Maddox's testimony that the vehicle at first contained only three passengers and that the trio later picked up a fourth individual.

Here, because the State presented some evidence that Howard possessed the cigarette package in which the narcotics were found, the jury was authorized to find him in constructive possession of the contraband, and the trial court did not err by denying Howard's motion for directed verdict.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 18, 2009.

*Mary Erickson,* for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney,* for appellee.