## A11A1105. GADDIS v. THE STATE.
### (712 SE2d 599)

MCFADDEN, Judge.

In 2001, James Gaddis was convicted of two counts of child molestation and was sentenced to serve seven years in confinement, followed by thirteen years on probation. In 2010, the trial court revoked Gaddis' probation on the ground that he had tested positive for marijuana and thereby violated the special condition of his probation which prohibits him from taking into his body any controlled substance or mind-altering drug. Gaddis appeals, challenging the sufficiency of the evidence and the trial court having taken judicial notice of another court's ruling that the drug test in question is of verifiable certainty. Because there is sufficient evidence to support the trial court's ruling and the trial court did not err in taking judicial notice of another court's decision, we affirm.

1. "It is well settled law that the quality and quantum of evidence necessary for revocation of probation is not that demanded for conviction of crime." (Citation and punctuation omitted.) *Carlson v. State*, 280 Ga. App. 595, 598-599 (2) (634 SE2d 410) (2006). "[T]he evidence produced at the revocation hearing must establish the violations of probation only by a preponderance of the evidence, not beyond a reasonable doubt." (Citations and punctuation omitted.) *Parker v. State*, 275 Ga. App. 35, 36 (619 SE2d 750) (2005). "On appeal, we will not interfere with a lower court's revocation of

---

probation absent manifest abuse of discretion." (Citation omitted.) *Milanovich v. State*, 278 Ga. App. 669 (1) (629 SE2d 556) (2006).

In this case, two witnesses testified at the revocation hearing. Gaddis' probation officer, Dain Dias, testified that he has been trained to administer the OnTrak TesTstik drug test. On May 11, 2010, Officer Dias administered the test to Gaddis, testing a urine sample for the presence of cocaine, amphetamine and marijuana. The test results were negative for cocaine and amphetamine, but positive for marijuana. The probation officer had previously told Gaddis that he had the right to an independent test, and Gaddis signed an "Instructions to Offenders" form which, among other things, stated that after a positive test he had the right to request an independent test by an approved laboratory. There is no evidence that he requested another test.

An expert witness also testified as to the drug testing procedures used in this case, noting that the Georgia Bureau of Investigation uses the same type of procedures. He testified that the OnTrak TesTstik has been approved by the Food and Drug Administration and that its testing method is accepted within the scientific community, and he provided a list of cases from Georgia and other jurisdictions which have approved the test. He further gave his expert opinion that the tests are accurate and have met a scientific standard of verifiable certainty.

Gaddis contends that the revocation of his probation must be reversed because there were conflicts in the evidence presented by the state. However, any conflicts constitute issues of credibility that must be resolved by the trial court, not this court. *Reece v. State*, 257 Ga. App. 137, 139 (1) (b) (570 SE2d 424) (2002). "It was the duty of the factfinder, here the superior court, to weigh the evidence, determine the credibility of witnesses, and decide whether to accept or reject evidence introduced[.]" *Cannon v. State*, 260 Ga. App. 15, 16 (579 SE2d 60) (2003). Given the probation officer's testimony that Gaddis tested positive for marijuana and the expert's opinion that the test used is scientifically reliable, the evidence "is sufficient to authorize the trial court's finding, by a preponderance of the evidence, that [Gaddis failed a drug test]." *Carlson*, supra at 599 (2). Accordingly, the trial court did not manifestly abuse its discretion in revoking Gaddis' probation. See *Cheatwood v. State*, 248 Ga. App. 617, 621 (2) (548 SE2d 384) (2001).

2. Gaddis claims that the trial court erred in taking judicial notice of another superior court ruling that found the drug test in question to be of verifiable certainty. The claim is without merit.

In *Harper v. State*, 249 Ga. 519, 525 (1) (292 SE2d 389) (1982), the Supreme Court of Georgia held that it is proper for the trial court to decide whether a scientific procedure or technique has reached a

scientific state of verifiable certainty.

> The trial court may make this determination from evidence presented to it at trial by the parties; in this regard expert testimony may be of value. Or the trial court may base its determination on exhibits, treatises or the rationale of cases in other jurisdictions. *The significant point is that the trial court makes this determination based on the evidence available to him rather than by simply calculating the consensus in the scientific community.* Once a procedure has been recognized in a substantial number of courts, a trial judge may judicially notice, without receiving evidence, that the procedure has been established with verifiable certainty, or that it rests upon the laws of nature.

(Citations omitted; emphasis supplied.) Id. at 525-526 (1).

In the instant case, the trial court did not simply calculate a consensus in the scientific community, but instead properly determined the reliability of the drug test based on the evidence presented at the revocation hearing. As noted above in Division 1, that evidence included extensive testimony by an expert witness explaining the history of the drug test, the science behind it, its use in many other states, and his opinion that the test is accurate and has met a standard of verifiable certainty. Consequently, this case is similar to, and controlled by, *Cheatwood v. State*, supra, which involved use of the same type of drug test to prove a probation violation. In that case, we recognized that this court had previously reversed probation revocations where the state did not present expert testimony to establish the reliability of the test. *Cheatwood*, 248 Ga. App. at 620 (1). However, in *Cheatwood*, as in the case at bar, such expert testimony establishing the verifiable certainty of the test was submitted by the state, and we therefore concluded that the trial court did not err in admitting the drug test results into evidence. Id.

Furthermore, contrary to Gaddis' claim, the trial court did not err in taking judicial notice of another court's ruling. "[I]f a trial court intends to take judicial notice of any fact, it must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." (Citation and punctuation omitted.) *Mann v. State*, 285 Ga. App. 39, 42 (645 SE2d 573) (2007). Here, the trial court did just that, announcing its intention to take judicial notice of the prior court ruling in question and giving the parties an opportunity to be heard on that issue. Moreover, even though the trial court judicially noticed that ruling, it did not do so without receiving other evidence. Rather, as previously recounted, the trial court also received the

testimony of the expert witness, the probation officer and various exhibits. Accordingly, there was no violation of the requirement that the trial court base its determination on the evidence presented to it. See *Harper*, supra.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JUNE 20, 2011.

*Anne L. Watson*, for appellant.

*Lee Darragh, District Attorney, Vanessa E. Sykes, Assistant District Attorney*, for appellee.