**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 24, 2024**

# In the Court of Appeals of Georgia

A24A0529. MOTEN v. THE STATE.

DOYLE, Presiding Judge.

Thaddeus Avery Moten appeals from the trial court's order revoking his probation, arguing that his due process right to confront adverse witnesses was violated and that inadmissible evidence was considered. Because Moten is correct and the State concedes that the evidence was insufficient to support the revocation order, we reverse the trial court's judgment.

As a general rule, "[t]his [C]ourt will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court."[1] We will affirm a probation revocation if the record includes "some competent evidence to

---

[1] (Punctuation and footnote omitted.) *Dugger v. State*, 260 Ga. App. 843, 843 (581 SE2d 655) (2003).

show that the defendant violated the terms of his probation in the specific manner charged."[2] Moreover, evidence produced at a revocation proceeding need only establish the violations of probation by a preponderance of the evidence, a less stringent standard than that required to sustain a criminal conviction.[3]

The record here shows in 2019, Moten pled guilty to possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, possession of a Schedule II controlled substance, possession of methamphetamine with intent to distribute, possession of a firearm during the commission of a felony, obstruction of an officer, and possession of a firearm by a convicted felon. The court sentenced him to seven years, with the first two to be served in confinement, and the remainder on probation. In June 2023, the court issued a warrant for Moten's arrest on the basis that Moten had violated the conditions of his probation by refusing to participate in the Coastal Residence Substance Abuse Treatment (hereinafter "RSAT") program on May 26, 2023. The warrant was signed by Officer James Lance of the Department of

---

[2] (Citation and punctuation omitted.) *Grimes v. State*, 364 Ga. App. 518, 519 (875 SE2d 500) (2022).

[3] See OCGA § 42-8-34.1 (b); *Gaddis v. State*, 310 Ga. App. 189 (1) (712 SE2d 599) (2011).

Community Supervision ("DCS"), who was Moten's Community Supervision Officer. In July, the State filed a revocation petition on the same basis, also signed by Lance.

The matter proceeded to a probation revocation hearing at which the State called as its only witness DCS Officer Cody Dittfurth, who testified that he was a Day Reporting Center ("DRC") officer while Moten was completing the residential program at the Augusta DRC, that he had previously shared supervision of Moten, and that Moten's supervising officer was in training that day. Dittfurth testified that during his time at the DRC, Moten repeatedly had failed drug tests and was arrested on May 11, 2023, for failing to comply with the Augusta DRC rules, and he was transported to the Coastal RSAT program on May 26, 2023, which was administered by the Department of Corrections. Dittfurth testified that upon Moten's arrival at Coastal RSAT, he refused to participate in the program and signed a refusal form. The refusal form was not admitted into evidence.

On cross-examination, Dittfurth conceded that he was not Moten's probation officer, nor were Moten's Augusta DRC violations part of the revocation petition. Dittfurth acknowledged that he was not employed by RSAT or by the Department of

Corrections, testified that he was "marginally" not "intimately" familiar with the RSAT processes, and testified that he did not witness the signing of the refusal form by anyone. Dittfurth acknowledged that he did not receive personal notice of Moten's failure to participate in the RSAT because he was no longer with the DRC when Moten refused, and the counselor who signed the form was not present in court for the hearing. Dittfurth's knowledge of the case was based on DCS case notes, and he did not write any of the case notes that pertained to RSAT. When asked if he was familiar with Moten's signature, Dittfurth replied that could not say he was intimately familiar with Moten's signature but had seen it a "handful of times," and based on his "limited experience," he believed the form bore Moten's signature.

Moten did not object during Dittfurth's testimony to his lack of first-hand knowledge. Rather, after the conclusion of the evidence, Moten objected to the admission of the form, which as stated earlier, was not admitted into evidence on the ground that the State failed to lay the proper foundation necessary for it to be considered under the business records exception to the hearsay rule. Additionally, Moten argued that his due process right of confrontation was violated, that there was

4

no evidence as to why a RSAT witness was not present, and that Dittfurth had no personal knowledge about the specific allegation in the petition.

Following the hearing, the court revoked Moten's probation, sentencing him to two years, followed by the original term of probation. We granted Moten's application for discretionary appeal, and he now asserts four enumerations of error: (1) the violation of his due process right to confrontation; (2) the admission of irrelevant evidence; (3) the consideration of the refusal form; (4) and the shift in the burden of proof from the State to Moten to explain the allegations in the petition. Because we conclude that Moten's due process rights were violated, we reverse the trial court's judgment.

1. Moten contends that his due process right of confrontation to cross-examine adverse witnesses was violated when the adverse witnesses failed to appear during the revocation proceeding without good cause shown. In *Grimes*,[4] we discussed the due process right to confrontation in the context of a revocation hearing, explaining as follows:

---

[4] 364 Ga. App. at 518.

5

The Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, guarantees a criminal defendant the right to be confronted with the witnesses against him. Under the Confrontation Clause, testimonial hearsay is admissible against a criminal defendant only when the witness is unavailable to testify, and the defendant had a prior opportunity to cross-examine the witness. Nevertheless, in a probation revocation hearing, the right to confront adverse witnesses arises not under the Confrontation Clause, but rather as a matter of due process, which is less stringent than the confrontation guarantee in a criminal trial. *The minimum requirements of due process include the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing the confrontation.* To that end, some specific objection or invocation of the due process right of confrontation is necessary in order to trigger consideration of the secondary issue of whether there was good cause for not allowing the confrontation, which usually requires examination of both the reasons for the State's failure to produce the declarant and the reliability of the hearsay evidence. The burden of proving that hearsay evidence bears a sufficient indicia of reliability to withstand due process scrutiny lies with the State.[5]

In that case, we reversed a probation revocation in which the defendant invoked his

due process right of confrontation, yet the trial court failed to examine the reasons for

---

[5] (Citations and punctuation omitted; emphasis added.) *Grimes*, 364 Ga. App. at 520-521.

the State's failure to produce the victims to testify about what occurred and to ensure the reliability of the hearsay evidence, which in that case, was the testimony of the responding officer that should not have been admitted.[6]

In the instant case, the State concedes that there was insufficient evidence to support the trial court's order. The crux of the State's case was the refusal form, which was not admitted into evidence but was discussed by Officer Dittfurth, who did not have personal knowledge sufficient to testify about the form. Additionally, the trial court made no inquiry into the reasons for the State's failure to produce the officer who actually signed the refusal form. Thus, Moten's argument that his due process rights were violated has merit and warrants the reversal of the trial court's judgment.[7]

---

[6] See id. at 522.

[7] As in *Grimes*, "[w]e note that jeopardy does not attach to a probation revocation hearing so as to bar future proceedings based upon the same conduct." Id. at 518, n. 1., citing Ga. Const., Art. I, Sec. I, Par. XVIII; *Edvalson v. State*, 339 Ga. App. 348, 351 (793 SE2d 545) (2016) ("[J]eopardy does not attach, and the constitutional prohibition against double jeopardy can have no application, until a defendant is put to trial before the trier of facts, whether the trier be a jury or a judge.") (citation and punctuation omitted); *Smith v. State*, 171 Ga. App. 279, 282 (319 SE2d 113) (1984) ("[A] probation revocation hearing is similar to a preliminary hearing, and jeopardy does not attach at a preliminary hearing.").

2. In light of Division 1, we need not address Moten's remaining enumerated errors.

*Judgment reversed. Hodges and Watkins, JJ., concur fully and specially.*

A24A0529. MOTEN v. THE STATE.

HODGES, Judge, concurring fully and specially.

I concur fully with the majority's correct and well-written opinion. I agree that Moten's due process rights were violated and that the trial court's order revoking his probation must be reversed.

I write separately to highlight my concern with the way the State handled this case. The State concedes in its appellate brief that reversal is required because the probation officer who testified at the hearing, the State's sole witness who was not the probation officer involved in the single allegation detailed in the probation revocation

petition, admitted his basis of knowledge was a form that he did not produce providing information that he did not otherwise possess. The State should have known that this officer's testimony would constitute hearsay before wasting the trial court's time and, more importantly, disregarding the due process and constitutional protections afforded the defendant. I urge the State to exercise better judgment to ensure the admissibility of its witnesses' testimony before proceeding with a hearing or trial.

I am authorized to state that Judge Watkins joins in this special concurrence.